DISCHNER v. DISCHNER.

*Evidence—Privileged communications—Husband and wife—Action to declare trust after divorce—Property purchased during coverture.*

The plaintiff in an action against his divorced wife to have a trust declared in property held in the wife's name, which was purchased during coverture by the husband's earnings, cannot testify to any facts with reference to the purchase of the property, where the communications were not made or acts done in the known presence or hearing of a third person competent to be a witness.

(Decided December 12, 1921.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Aaron McNeill* and *Mr. Otis H. Fisk,* for plaintiff.
*Mr. H. E. Engelhardt,* for defendant.

CUSHING, J.    The petition recites that plaintiff, August Dischner, and defendant, Julia Anna Dischner, were married September 22, 1906, and lived together as man and wife until November, 1919; that plaintiff was employed, and with the exception of a small weekly sum retained for personal expenses gave all his earnings to his wife; that after the payment of bills and household expenses there was an accumulation from the money earned by him, and that with this sum they purchased the property known as No. 2416 Norwood avenue, Norwood, Ohio; that by mutual agreement between plaintiff and defendant the title to the property was taken in the name of Julia Anna Dischner, to be held for the use and benefit of the plaintiff and the defendant.

The petition further recites that the purchase price of the property was $2,400, and that the house was remodeled and improved so that it was greatly enhanced in value.

This action was filed in January, 1920, seeking to establish and have declared a trust in the property, partially for the benefit of the plaintiff.

The answer admits the marriage and a separation, as stated in the petition; also the purchase of the property, and that the title was taken in the name of the defendant, as above stated. It denies that the title was taken for the use and benefit, in whole or in part, of the plaintiff, August Dischner. The defendant claims that she is the legal and equitable owner of the property and asks judgment accordingly.

At the trial in this court attorneys for plaintiff offered August Dischner as a witness, and submitted a written statement as to what he would testify, if permitted. Defendant objected, and claimed that August Dischner was not a competent witness to testify to any facts with reference to the purchase of the property, or to a declaration of a trust in the property. The following parts of Section 11494, General Code, provide who may testify in certain cases.

"The following persons shall not testify in certain respects: * * *

"3. Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness. The rule shall

be the same if the marital relation has ceased to exist."

The language of the statute is plain and unambiguous, and, therefore, must be followed. The objection to the testimony of August Dischner and to his testifying as a witness in the action where his wife is the defendant will be sustained.

Plaintiff claims that there is sufficient testimony in addition to that of August Dischner to justify this court in determining the case in his favor.

But two witnesses were offered by plaintiff. They were W. E. Warrender and F. A. Zimmerman. The evidence offered by these witnesses does not tend in any degree to establish a declaration of trust contemporaneous with the execution of the deed, nor is there any evidence in the record of a trust in parol that is clear, certain and conclusive.

A decree may be entered in favor of the defendant.

*Decree for defendant.*

Hamilton, P. J., and Buchwalter, J., concur.